UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN C. HASSAN,<br>Plaintiff,<br>v.<br>CALIFORNIA MEDICAL BOARD, et al.,<br>Defendants. | Case No. 2:25-cv-03183-DC-CSK (PS)<br><br>FINDINGS AND RECOMMENDATIONS<br><br>(ECF No. 11) |

Plaintiff Allen C. Hassan is proceeding in this action pro se.[1] Pending before the Court is Defendants Medical Board of California (sued as “California Medical Board”), Kimberley Kirchmeyer, and Reji Varghese’s (“MBC Defendants”) motion to dismiss (ECF No. 11) Plaintiff’s First Amended Complaint (“FAC”) (ECF No. 5). Pursuant to Local Rule 230(g), the Court submits the motion upon the record and briefs on file.

For the reasons that follow, the Court recommends GRANTING Defendants’ motion to dismiss the FAC without leave to amend.

/ / /

/ / /

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

## I. BACKGROUND

### A. Factual Allegations[2]

Plaintiff alleges that he is a natural-born American citizen, military veteran, and formerly licensed medical doctor. FAC ¶¶ 17-18, 54. Plaintiff alleges Defendants have falsely labeled him a terrorist due to his last name, including by placing him on "The No Fly List"[3] and "the terrorist list, created by OFAC."[4] FAC ¶¶ 22-23. Plaintiff alleges that this false labeling resulted because a "Defendant plac[ed] a derogatory letter on the Plaintiff's file" with the Medical Board of California. *Id.* ¶¶ 26-27. Plaintiff alleges he successfully sued the Board "for having placed a derogatory letter in his medical file and refusing to remove it," after which he remained under surveillance, received harassment, and had his medical license suspended for two months after being assaulted by a California Highway Patrol Officer in February 2002 and convicted of assaulting the officer. *Id.* ¶¶ 30-31, 33. Subsequently, Plaintiff suffered physical and financial hardships, including two surgeries in April 2011 and December 2011 and bankruptcy. *Id.* ¶¶ 38, 41, 46. Plaintiff further alleges his medical license was wrongly revoked when he "was railroaded by the Medical Board of California and the racist PACE Program of San Diego."[5] *Id.* ¶ 54.

---

[2] These facts primarily derive from the FAC, which are construed in the light most favorable to Plaintiff as the non-moving party. *Faulkner v. ADT Sec. Servs.*, 706 F.3d 1017, 1019 (9th Cir. 2013). However, the Court does not assume the truth of any conclusory factual allegations or legal conclusions. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

[3] "The No Fly List . . . is reserved for individuals in the Database whom the [Terrorist] Screening Center has determined pose a threat of committing an act of international or domestic terrorism, including acts of terrorism using aircraft or against U.S. government facilities. . . . After the Screening Center decides to place someone on the No Fly List, TSA prohibits those individuals from boarding commercial aircraft that fly over United States airspace." *Fikre v. Fed. Bureau of Investigation*, 35 F.4th 762, 765 (9th Cir. 2022).

[4] The U.S. Treasury Department's Office of Foreign Assets Control ("OFAC") "maintains a list of 'specially designated nationals' who threaten America's national security. Individuals on the OFAC list are terrorists, drug traffickers, or other serious criminals. It is generally unlawful to transact business with any person on the list." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 419 (2021).

[5] "The PACE (Physician Assessment and Clinical Education) program is an assessment and remediation program for physicians, offered by the UC San Diego

### B. Procedural Posture

Plaintiff initiated this action on November 3, 2025. (ECF No. 1.) On December 5, 2025, Plaintiff filed the operative FAC. (ECF No. 5.) MBC Defendants filed a motion to dismiss on February 18, 2026, which they withdrew on March 10, 2026. (ECF Nos. 8, 9.) MBC Defendants re-filed the motion to dismiss on March 13, 2026. Defs. Mot. (ECF No. 11). Because Plaintiff failed to file a timely opposition, the Court vacated the hearing date and provided Plaintiff one more opportunity to respond to the motion to dismiss. 4/7/2026 Order (ECF No. 12). Plaintiff filed his opposition on April 21, 2026. Pl. Opp'n (ECF No. 13). MBC Defendants filed a reply on May 5, 2026. Defs. Reply (ECF No. 15).

## II. LEGAL STANDARDS

### A. Rule 8, Pro Se Pleadings, Construction and Amendment

Pro se pleadings are to be liberally construed and afforded the benefit of any doubt. *Chambers v. Herrera*, 78 F.4th 1100, 1104 (9th Cir. 2023). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). To give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. *See Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Upon dismissal of any claims, the court must tell a pro se plaintiff of a pleading's

---

School of Medicine." *Hassan v. California Med. Bd.*, 2021 WL 3051877, at *1 (E.D. Cal. July 20, 2021).

deficiencies and provide an opportunity to cure such defects. *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016). However, if amendment would be futile, leave to amend does not need to be provided. *Lathus v. City of Huntington Beach*, 56 F.4th 1238, 1243 (9th Cir. 2023).

To determine the propriety of a dismissal motion, the court may not consider facts raised outside the complaint (such as in an opposition brief), but it may consider such facts when deciding whether to grant leave to amend. *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

**B. Failure to State a Claim under Rule 12(b)(6)**

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Mollett v. Netflix, Inc.,* 795 F.3d 1062, 1065 (9th Cir. 2015). When considering whether a claim has been stated, the court must accept the well-pleaded factual allegations as true and construe the complaint in the light most favorable to the non-moving party. *Id.* However, the court is not required to accept as true conclusory factual allegations contradicted by documents referenced in the complaint, or legal conclusions merely because they are cast in the form of factual allegations. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

**C. Judicial Notice**

When reviewing a motion to dismiss, courts may consider undisputed facts contained in judicially noticeable documents under Federal Rule of Evidence 201 without converting the motion to one for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). This includes undisputed facts from documents attached to the complaint or those on which the complaint "necessarily relies." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *see Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (approving judicial notice of documents from judicial proceedings); *King v. California Dep't of Water Res.*, 561 F. Supp. 3d 906, 910 (E.D. Cal. 2021) (taking judicial

notice of administrative agency records, including decisional documents); *Gamboa v. Tr. Corps.*, 2009 WL 656285, at *3 (N.D. Cal. Mar. 12, 2009) (taking judicial notice of recorded documents related to a foreclosure sale, including grant deed and deed of trust, as they were "part of the public record and [] easily verifiable").

**III. DISCUSSION**

The FAC names the Medical Board of California, Kimberley Kirchmeyer, UC San Diego PACE Program, Reji Varghese, and the Department of Homeland Security as Defendants. FAC ¶¶ 12-16. The FAC alleges eight causes of action: (1) 42 U.S.C. § 1983 and § 1981 for racial discrimination in violation of the Fourteenth Amendment Equal Protection Clause, against Defendant Medical Board of California; (2) 42 U.S.C. § 1983 for retaliation in violation of the First Amendment, against Defendant Medical Board of California; (3) 42 U.S.C. § 1983 for malicious prosecution in violation of the Fourth and Fourteenth Amendments, against Defendant Medical Board of California; (4) 42 U.S.C. § 1983 and § 1981 for deliberately indifferent policies, practices, customs, training, and supervision in violation of the Fourth, Fourteenth, and First Amendments, against Defendants Medical Board of California and Kirchmeyer; (5) fraud against Defendant UC San Diego PACE Program; (6) defamation against all Defendants; (7) intentional infliction of emotional distress against all Defendants; and (8) tortious interference with business and licenses against all Defendants. *Id.* ¶¶ 55-151. Plaintiff requests compensatory damages, punitive damages, and attorney's fees and costs. *Id.* at 25.

MBC Defendants move to dismiss the FAC on the following grounds. First, MBC Defendants argue Plaintiff's claims are barred under the doctrine of res judicata. Defs. Mot. at 5-6. Second, MBC Defendants argue Plaintiff's § 1983 claims are time-barred. *Id.* at 6-7. Third, MBC Defendants argue Defendant Medical Board of California is immune to suit under the Eleventh Amendment. *Id.* at 7-9. Fourth, MBC Defendants argue they are entitled to quasi-judicial or quasi-prosecutorial immunity. *Id.* at 9-12. Fifth, MBC Defendants argue they are immune from Plaintiff's state-law claims under California

Government Code § 821.2. *Id.* at 13. Sixth, MBC Defendants argue Plaintiff otherwise fails to allege facts stating cognizable claims pursuant to Rule 12(b)(6). *Id.* at 13-19.

The Court first addresses MBC Defendants' request for judicial notice (ECF No. 11-2).

**A. Request for Judicial Notice**

MBC Defendants request the Court take judicial notice of five exhibits consisting of court filings in two Eastern District of California cases: (1) *Hassan v. California Medical Board et al.*, No. 2:14-cv-02630-TLN-AC (E.D. Cal. filed Nov. 10, 2014) ("*Hassan I*"); and (2) *Hassan v. California Medical Board et al.*, No. 2:19-cv-02521-MCE-AC (E.D. Cal. filed Dec. 16, 2019) ("*Hassan II*").[6] Defs. RJN (ECF No. 11-2). Plaintiff did not oppose the request. The request is granted in its entirety. "The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(c). In the Ninth Circuit, "court filings and other matters of public record" are sources whose accuracy cannot reasonably be questioned for the purposes of Rule 201 of the Federal Rules of Evidence. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006); *see also Harris*, 682 F.3d at 1132. In addition, this action is referred to as "*Hassan III*."

**B. Claims Under 42 U.S.C. § 1981**

Plaintiff's first (racial discrimination) and fourth (deliberate indifference) causes of action allege claims under 42 U.S.C. § 1981. FAC at 11, 19. "[42 U.S.C. §] 1981 establishes substantive rights that a state actor may violate. It does not itself contain a remedy against a state actor for such violations. A plaintiff seeking to enforce rights secured by § 1981 against a state actor must bring a cause of action under § 1983." *Yoshikawa v. Seguirant*, 74 F.4th 1042, 1047 (9th Cir. 2023). Accordingly, the claims

---

[6] MBC Defendants also request the Court take judicial notice of "certified copies of MBC disciplinary decisions and orders." (ECF No. 11-2 at 1-2.) However, MBC failed to attach these documents, so the Court disregards this request.

based on 42 U.S.C. § 1981 are dismissed, and the Court addresses Plaintiff's first and fourth causes of action based on § 1983.

**C. Sovereign Immunity**

Plaintiff asserts claims against the Department of Homeland Security for defamation, intentional infliction of emotional distress, and tortious interference with business and licenses. FAC at 4 ¶ 16, 23, 24. However, claims brought under 42 U.S.C. § 1983 against federal agencies are barred by sovereign immunity. *See Jachetta v. United States*, 653 F.3d 898, 908 (9th Cir. 2011); *Ibrahim v. Dep't of Homeland Sec.*, 538 F.3d 1250, 1257 (9th Cir. 2008) ("Section 1983 only provides a remedy against persons acting under color of state law"). "[S]overeign immunity is a jurisdictional defect that may be asserted by the parties at any time or by the court sua sponte." *Pit River Home & Agr. Co-op. Ass'n v. United States*, 30 F.3d 1088, 1100 (9th Cir. 1994). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1993); *see also Thomas–Lazear v. F.B.I.*, 851 F.2d 1202, 1207 (9th Cir. 1988) ("[T]he United States has not waived its sovereign immunity in actions seeking damages for constitutional violations."). Accordingly, Plaintiff's federal claims against the Department of Homeland Security are barred. The Court therefore sua sponte recommends all claims against Defendant Department of Homeland Security be dismissed without leave to amend.

**D. Res Judicata**

"The doctrine of res judicata provides that a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003) (internal quotation marks and citation omitted). The doctrine of res judicata, also known as claim preclusion, is applicable when there is (1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties. *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001). A court may sua sponte dismiss an action based on the doctrine of res judicata, even though the doctrine is

normally raised as an affirmative defense. *Arizona v. California*, 530 U.S. 392, 412 (2000). When the doctrine applies, it "bar(s) all grounds for recovery which could have been asserted, whether they were or not." *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982) (quoting *Ross v. IBEW*, 634 F.2d 453, 457 (9th Cir. 1980)). Thus, all potential claims that could "arise out of the same transactional nucleus of facts" are barred going forward. *See Constantini*, 681 F.2d at 1202 (quoting *Harris v. Jacobs*, 621 F.2d 341, 343 (9th Cir. 1980)).

On December 16, 2019, Plaintiff filed a Third Amended Complaint in *Hassan II*, pending in this district court. *See* Defs. RJN Exh. 3, *Hassan II*, ECF No. 31 (E.D. Cal. Apr. 26, 2021) ("*Hassan II* TAC"). In *Hassan II*, Plaintiff alleged that he completed a Physician Assessment and Clinical Education ("PACE") program pursuant to an agreement with the Medical Board of California, but that the Board nonetheless revoked his license to practice medicine based on incorrect scoring and application of the wrong legal standard. *Hassan II* TAC ¶¶ 29-59. Plaintiff named as defendants Medical Board of California, Kimberly Kirchmeyer, The Regents of the University of California, UC San Diego PACE Program, and fifteen other individual defendants associated with Medical Board of California or with the UC San Diego PACE Program.[7] *Id.* ¶¶ 7-24. The *Hassan II* TAC asserts five causes of action: (1) 42 U.S.C. § 1983 and § 1981 based on racial discrimination in violation of the Fourteenth Amendment Equal Protection Clause, against all defendants except the Regents of the University of California; (2) 42 U.S.C. § 1983 for First Amendment retaliation, against all defendants except the Regents of the University of California; (3) 42 U.S.C. § 1983 for malicious prosecution in violation of the Fourth and Fourteenth Amendments, against all defendants except the Regents of the

---

[7] *I.e.*, Howard Krauss, M.D.; Felix C. Yip, M.D.; Dev Gnanadev, M.D.; Eserik "TJ" Watkins; Ronald Lewis, M.D.; Denise Pines, Laurie Rose Lubiano, J.D.; Susan F. Friedman, M.D.; Randy Hawkins, M.D.; Asif Mahmood, M.D.; David Warmoth; Richard E. Thorp, M.D.; Martin Shulman, M.D.; David Bazzo, M.D.; and William Norcross, M.D. *Hassan II* TAC at 1. The Court notes that there are fifteen individual defendants identified on the caption page and in the heading for each cause of action, but only fourteen individual defendants in the "parties" allegations section. *See Hassan II* TAC.

University of California; (4) 42 U.S.C. § 1983 and § 1981 for deliberately indifferent policies, practices, customs, training, and supervision in violation of the Fourth, Fourteenth, and First Amendments, against all defendants except the Regents of the University of California; and (5) fraud against all defendants except the Regents of the University of California. *Id.* ¶¶ 60-140. It appears no causes of action are alleged against the Regents of the University of California in the *Hassan II* TAC, although it is named as a defendant. *See id.*

The Court finds that an identity of claims exists between the *Hassan III* FAC here and the *Hassan II* TAC. The first five causes of action in the *Hassan III* FAC are nearly identical to those in the *Hassan II* TAC. *Compare Hassan III* FAC ¶¶ 55-72 (first cause of action under § 1983 for racial discrimination in violation of Equal Protection Clause), *with Hassan II* TAC ¶¶ 60-77 (same); *compare Hassan III* FAC ¶¶ 73-91 (second cause of action under § 1983 for First Amendment retaliation), *with Hassan II* TAC ¶¶ 79-97 (same); *compare Hassan III* FAC ¶¶ 92-109 (third cause of action under § 1983 for malicious prosecution), *with Hassan II* TAC ¶¶ 98-117 (same); *compare Hassan III* FAC ¶¶ 110-125 (fourth cause of action under § 1983 for deliberate indifference), *with Hassan II* TAC ¶¶ 118-133 (same); *compare Hassan III* FAC ¶¶ 126-131 (fifth cause of action for fraud against Defendant UC San Diego PACE Program), *with Hassan II* TAC ¶¶ 134-140 (same). Further, although the *Hassan III* FAC alleges additional facts not alleged in the *Hassan II* TAC, including the alleged police brutality incident in February 2002, *see Hassan III* FAC ¶ 33, and Plaintiff's medical and financial hardships occurring after that incident, *see id.* ¶¶ 38-49, the core alleged wrongdoings composing the federal claims in the *Hassan III* FAC align with those in the *Hassan II* TAC—namely, that (1) Defendants falsely accused Plaintiff of being a terrorist, (2) Defendants retaliated against Plaintiff for filing a lawsuit against them regarding information in his medical board file, (3) Defendants "prosecute[d] Plaintiff for "false allegations of over prescribing medication," and (4) Defendants falsely represented that Plaintiff failed to successfully complete the PACE program. *Hassan III* FAC ¶¶ 63, 80, 100, 127; *see also Hassan II* TAC ¶¶ 68, 86,

106, 134. Thus, Plaintiff's claims here, including the *Hassan III* FAC's additional state-law claims for defamation, intentional infliction of emotional distress, and tortious interference with business and licenses, arise out of the same "transactional nucleus of facts" as in *Hassan II*. *Constantini*, 681 F.2d at 1201-02.

Plaintiff responds in opposition that the *Hassan III* FAC alleges continuing and ongoing injuries that make claim preclusion unsuitable. Pl. Opp'n at 3. However, "[m]ere continuing impact from past violations is not actionable." *Kamali v. Berman*, 2020 WL 4031788, at *6 (C.D. Cal. Apr. 20, 2020) (citation omitted). Here, Plaintiff's assertions that the *Hassan III* FAC alleges "ongoing labeling of Plaintiff as a terrorist, continued dissemination and maintenance of allegedly false derogatory material, ongoing reputational injury, and continued interference with Plaintiff's professional and business relationships," Pl. Opp'n at 3, are conclusory and fail to point to any specific continuing violations, rather than continuing *impact* from past alleged violations, that postdate the October 7, 2021 final judgment in *Hassan II*. *See* Defs. RJN Exh. 1, *Hassan II*, ECF No. 47 (E.D. Cal. Oct. 7, 2021).

Further, the judgment entered in *Hassan II* was a final judgment on the merits. Based on an analysis of Plaintiff's factual and legal claims, the court in *Hassan II* determined that Plaintiff's Third Amended Complaint did not state a claim upon which relief could be granted. *See generally Hassan II*, 2021 WL 3051877 (E.D. Cal. July 20, 2021), *report and recommendation adopted*, 2021 WL 4690722 (E.D. Cal. Oct. 7, 2021). Dismissal for failure to state a claim under Rule 12(b)(6) is a judgment on the merits for purposes of res judicata analysis. *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981); *see also Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 928 (9th Cir. 2006) ("[I]n federal courts, a district court judgment is final for purposes of res judicata . . . . This is so even during the pendency of an appeal.") (citation and internal quotation marks omitted).

Finally, there is identity or privity between the parties in *Hassan II* and the MBC Defendants in this action. In the *Hassan II* TAC, Plaintiff named as defendants the

Medical Board of California, Kimberly Kirchmeyer, and UC San Diego PACE Program, among others. *Hassan II* TAC ¶¶ 7-9. Here, in *Hassan III*, the same Plaintiff again names the Medical Board of California, Kimberly Kirchmeyer, and UC San Diego PACE Program as defendants. *Hassan III* FAC ¶¶ 12-14. Plaintiff also names Defendant Reji Varghese, who is alleged to be the current Executive Director of the Medical Board of California and appears to be sued in his official capacity. *Id.* ¶ 15. Courts routinely find that when a plaintiff seeks to relitigate the same issues against different officers of the same government agency, there is privity between the officers for res judicata purposes. *See Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 402-03 (1940). Accordingly, there is privity between Defendant Varghese, the current director of the Medical Board of California; Defendant Kirchmeyer, the former Director; and Defendant Medical Board of California. *See Mir v. Kirchmeye*r, 2017 WL 4271892, at *11 n.7 (S.D. Cal. Sept. 26, 2017) (noting that officers of Medical Board of California appear in privity with the Board due to close legal relationship as officers of same government).

Thus, because Plaintiff's claims in the *Hassan III* FAC are barred under the doctrine of res judicata, Plaintiff fails to state a claim as to Defendants Medical Board of California, Kimberly Kirchmeyer, UC San Diego PACE Program, and Reji Varghese. As discussed above, Plaintiff's remaining claims against the Department of Homeland Security are barred due to sovereign immunity, so no other claims remain against any other defendants. Accordingly, the Court recommends the entire FAC be dismissed without leave to amend.

**E. Statute of Limitations**

Even if Plaintiff's claims were not barred by the doctrine of res judicata, Plaintiff's federal claims under § 1983 are time-barred. As best as the Court can tell, the *Hassan III* FAC is based on incidents that took place in 2002, 2011-2013, and 2016. Thus, as explained below, the FAC on its face appears to be barred by the statute of limitations.

"A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when the running of the statute is apparent on

the face of the complaint." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010 (citation and internal quotation marks omitted). Section 1983 does not contain a specific statute of limitations, so federal courts apply "the law of the state in which the cause of action arose and apply the state law of limitations governing an analogous cause of action." *Pouncil v. Tilton*, 704 F.3d 568, 573 (9th Cir. 2012) (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007)). For § 1983 actions, federal courts apply the "forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law." *Butler v. Nat. Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014) (internal quotation marks and citations omitted).

Under California law, the statute of limitations for personal injury actions is two years. *Butler*, 766 F.3d at 1198 (citing Cal. Code Civ. P. § 335.1). The statute of limitations can be suspended by equitable tolling. *See Jones v. Blanas*, 393 F.3d 918, 928 (9th Cir. 2004). Under California law, equitable tolling suspends or extends a statute of limitations when an injured person has several potential legal remedies and pursues one reasonably and in good faith. *Honchariw v. Cnty. of Stanislaus*, 530 F. Supp. 3d 939, 949-50 (E.D. Cal. Mar. 31, 2021) (citing *McDonald v. Antelope Valley Cmty. Coll. Dist.*, 45 Cal. 4th 88, 99-100 (2008)). To determine whether equitable tolling may extend a statute of limitations, courts look at whether plaintiff has provided timely notice to the defendant, whether there is lack of prejudice to defendant, and whether plaintiff had acted reasonably and in good faith. *Id.* at 950.

"Where a claim is time-barred on its face, the plaintiff must specifically plead facts that would support equitable tolling." *Long v. Forty Niners Football Co., LLC*, 33 Cal. App. 5th 550, 555 (2019), *as modified* (Apr. 8, 2019) (citations omitted). Thus, courts have decided equitable tolling at the motion to dismiss stage when "some fact, evident from the face of the complaint, supported the conclusion that the plaintiff could not prevail, as a matter of law, on the equitable tolling issue." *Cervantes v. City of San*

*Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993).

Here, it is evident from the face of the *Hassan III* FAC that Plaintiff's claims are barred by the statute of limitations because the latest events alleged in the FAC appear to date back to either 2002, when Plaintiff alleges he was assaulted by a police officer; or 2011-2013, when Plaintiff suffered medical and financial hardships. *See Hassan III* FAC ¶¶ 33, 38, 49. Further, as MBC Defendants submit, the revocation of Plaintiff's medical license occurred on December 16, 2016. *See* Defs. RJN, Exh. 2 at 2. Thus, at the very latest, Plaintiff's claims accrued in 2016, and Plaintiff initiated this lawsuit on November 3, 2025, well past the two-year statute of limitations. (*See* ECF No. 1.) Plaintiff has not pleaded any facts that would support equitable tolling of his § 1983 claims, despite the fact that he has already amended his complaint once. *See Hassan III* FAC.

The Court also notes Plaintiff filed *Hassan I*, a substantially similar lawsuit against the Medical Board of California, Kimberley Kirchmeyer, and Michel Veverka, on November 10, 2014 and voluntarily dismissed on March 20, 2015. *See* Defs. RJN, Exh. 5, *Hassan I*, ECF No. 1 (E.D. Cal. Nov. 10, 2014) ("*Hassan I* Compl."); Defs. RJN, Exh. 4, *Hassan I*, ECF No. 10 (E.D. Cal. Mar. 23, 2015). As here, the Complaint in *Hassan I* asserts claims under 42 U.S.C. § 1983 for racial discrimination, First Amendment retaliation, malicious prosecution, and deliberate indifference; and it alleges that the defendants placed Plaintiff on the No Fly List and OFAC list, that Plaintiff suffered retaliation for suing the Medical Board of California in 2002, and that Plaintiff was falsely convicted of assaulting a police officer. *See Hassan I* Compl. at 4 ¶ 4, 5 ¶¶ 11-12, 10-19. Plaintiff's failure to re-file this lawsuit until more than ten years after voluntarily dismissing it demonstrates significant prejudice to Defendants and belies a finding that Plaintiff had acted reasonably and in good faith in bringing this 2025 lawsuit. *See Redisegno.com, S.A. de C.V. v. Barracuda Networks, Inc.*, 2020 WL 3971622, at *4 (N.D. Cal. July 14, 2020) (holding equitable tolling did not apply because two-year delay to refile suit constituted unreasonable delay).

Plaintiff argues in opposition that his claims are not barred by the statute of limitations because the *Hassan III* FAC "alleges continuing publication, continuing stigma, continuing reliance on false information, and ongoing professional injury." Pl. Opp'n at 4. This argument fails. "The continuing violations doctrine functions as an exception to the discovery rule of accrual allowing a plaintiff to seek relief for events outside of the limitations period." *Bird v. Dep't of Hum. Servs.*, 935 F.3d 738, 746 (9th Cir. 2019) (citation and internal quotation marks omitted). Under current Ninth Circuit law, "little remains of the continuing violations doctrine" except as applied to "class-wide pattern-or-practice claims." *Id.* at 748. Thus, Plaintiff cannot avail himself of the continuing violations doctrine. *See id.* (holding plaintiff's individualized § 1983 claims that she was placed on state child abuse registry in 2007 was time-barred where plaintiff first threatened to sue in 2013 and did not file until 2015); *McDaniel v. Lizarraga*, 2021 WL 1712943, at *6 (E.D. Cal. Apr. 30, 2021) (holding plaintiff's claims time-barred because no alleged violations occurred within two-year limitations period and plaintiff did not allege facts suggesting a class-wide pattern-or-practice claim). Further, mere continuing injuries cannot defeat the statute of limitations because "[t]he Ninth Circuit has 'repeatedly held' continuing effects of past violations to be non-actionable." *Dohermann v. Dep't of State Hosps.*, 2025 WL 1263714, at *4 (E.D. Cal. May 1, 2025) (quoting *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001)). Accordingly, Plaintiff's claims under 42 U.S.C. § 1983 are time-barred. *See Dohermann*, 2025 WL 1263714, at *4.

Because Plaintiff's § 1983 claims are time-barred, the Court recommends dismissal of Plaintiff's first (racial discrimination), second (First Amendment retaliation), third (malicious prosecution), and fourth (deliberate indifference) causes of action without leave to amend.

**F. Supplemental Jurisdiction**

A court may decline to exercise supplemental jurisdiction over state law claims if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 940 (9th Cir. 2012). The decision to

retain or decline jurisdiction must be made in light of "the objectives of economy, convenience and fairness to the parties, and comity." *Trustees of Constr. Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape & Maintenance, Inc.*, 333 F.3d 923, 925 (9th Cir. 2003). The United States Supreme Court has held "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties" and that if "the federal claims are dismissed before trial . . . the state claims should be dismissed as well." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).

Here, the Court recommends dismissal of Plaintiff's first (racial discrimination), second (First Amendment retaliation), third (malicious prosecution), and fourth (deliberate indifference) causes of action, over which it has original jurisdiction. Plaintiff's remaining causes of action (fifth through eighth) are independent state law claims. Accordingly, to the extent Plaintiff's state-law claims are not barred by res judicata, the Court will not exercise supplemental jurisdiction over Plaintiff's state law claims for fraud, defamation, intentional infliction of emotional distress, and tortious interference with business. *See* 28 U.S.C. § 1367(c)(3); *Campos v. Fresno Deputy Sheriff's Association*, 535 F.Supp.3d 913, 931 (E.D. Cal. 2021); *Religious Tech. Ctr. V. Wollersheim*, 971 F.2d 364, 367-68 (9th Cir. 1992).

In light of the conclusions set forth above, the Court declines to address MBC Defendants' other arguments for dismissal.

**G. Leave to Amend**

If the court finds that a complaint should be dismissed for failure to state a claim, it has discretion to dismiss with or without leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. *Id.* at 1130-31; *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not

be cured by amendment.") (citation omitted). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. *Cato*, 70 F.3d at 1105-06.

Here, the Court finds that the doctrine of res judicata bars this action from going forward. *See Costantini*, 681 F.2d at 1202. The Court also finds that amendment of Plaintiff's first (racial discrimination), second (First Amendment retaliation), third (malicious prosecution), and fourth (deliberate indifference) causes of action would be futile because Plaintiff's § 1983 claims are time-barred. Further, Defendant Department of Homeland Security is entitled to sovereign immunity as to Plaintiff's claims, which are barred. Accordingly, the Court concludes that amendment would be futile, and therefore, leave to amend should not be provided. *See Lathus*, 56 F.4th at 1243.

## IV. CONCLUSION

Based upon the findings above, it is RECOMMENDED:

1. Defendants Medical Board of California, Kirchmeyer, and Varghese's motion to dismiss (ECF No. 11) be GRANTED;
2. Plaintiff's First Amended Complaint (ECF No. 5) be DISMISSED without leave to amend; and
3. The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time

/ / /

/ / /

/ / /

may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: July 24, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

8, hass.3183.25